IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01248-PSF-CBS

TIVO, INC., a Delaware corporation,
    Plaintiff,
v.

ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation,
ECHOSTAR DBS CORPORATION, a Colorado corporation,
ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and
ECHOSPHERE LIMITED LIABILITY COMPANY, a Colorado limited liability company,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the "Joint Motion for Protective Order and to Quash Subpoenas Served by TiVo Inc." filed by Echostar and Non-Parties Merchant & Gould, George C. Lewis, and Tadd F. Wilson ("Movants") on July 7, 2005 (doc. # 1).  Pursuant to D.C. COLO. LCivR 72.1 B. 7., the Magistrate Judge is authorized to "make determinations and enter appropriate orders on discovery disputes in cases pending in other federal courts."  The court has reviewed the Joint Motion, TiVo's Response (filed October 24, 2005) (doc. # 23), Movants' Reply (filed October 28, 2005) (doc. # 25), the exhibits, the entire case file, the arguments of counsel made in open court at the hearings held October 4, 2005 and October 13, 2005, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

On January 4, 2005, TiVo filed suit in Case No. 2-04CV-01 in the United States District Court, Eastern District of Texas, Marshall Division against Defendants Echostar Communications Corp., Echostar DBS Corp., Echostar Technologies Corp., and Echosphere Limited Liability Co ("Echostar"), alleging willful infringement of TiVo's U.S. Patent No. 6,233,389 ("the '389 patent").  On or about June 16, 2005, Echostar notified TiVo that it was asserting an advice-of-counsel defense, relying upon an opinion of its in-house counsel, Kerry Miller, that it had not infringed on the '389 patent.  Further discovery indicated that Echostar had also received advice from outside counsel, including the law firm of Merchant & Gould.  Merchant & Gould and two attorneys employed by Merchant & Gould, George C. Lewis and Tadd F. Wilson, did opinion work for Echostar in connection with TiVo's lawsuit.

TiVo moved in the Eastern District of Texas to compel discovery on the advice-of-counsel defense.  Magistrate Judge McKee ruled that Echostar's reliance on Miller's advice concerning infringement had waived the attorney-client privilege and work product protection as to the subject matter of the advice, but that TiVo could not discover any privileged information relating to the issue of validity.  (*See* Order dated September 26, 2005 entered by Judge David Folsom in Case No. 2:04cv01 DF (E.D. Tex.) (Exhibit A to doc. # 21) at pp. 4-5).

Upon review of Magistrate Judge McKee's orders, District Judge Folsom ruled that "the scope of [Echostar's] waiver extends to all pre- and post-filing communications pertaining to advice of counsel on the issue of Echostar's potential infringement of the

2

'389 patent." (Order dated September 26, 2005 in Case No. 2:04cv01 DF (Exhibit A to doc. # 21) at p. 14). Judge Folsom ordered Echostar to produce, among other things, "the two Merchant & Gould opinions and all notes, communications, or other documentation related to any infringement analysis of the '389 patent undertaken by Merchant & Gould." (Order dated September 26, 2005 in Case No. 2:04cv01 DF (Exhibit A to doc. # 21) at p. 14). Judge Folsom further ordered Echostar to "produce Frank Becking, Alan Cannon, Kerry Miller, Homer Knearl, and Timothy Scull for deposition concerning their analysis of the '389 patent and any potential infringement by Echostar." (Order dated September 26, 2005 in Case No. 2:04cv01 DF (Exhibit A to doc. # 21) at p. 15).

On October 6, 2005, Judge Folsom clarified his September 26, 2005 Order as to "the required scope of document production from the Merchant & Gould firm." (Order of Clarification dated October 6, 2005 in Case No. 2:04cv01 DF (Exhibit B to doc. # 21) at p. 1). Judge Folsom ordered Echostar to "produce all documents and materials created at or by the Merchant & Gould firm related to any infringement analysis of the '389 patent, whether or not communicated [to] Echostar and whether or not in Echostar's actual possession as of October 6, 2005." (Order of Clarification dated October 6, 2005 in Case No. 2:04cv01 DF (Exhibit B to doc. # 21) at p. 5). Echostar has since largely complied with Judge Folsom's orders by producing the two Merchant & Gould opinion letters and related work product in Echostar's files. On October 11, 2005, Echostar petitioned the United States Court of Appeals for the Federal Circuit for a writ of mandamus with respect to whether Echostar is required to produce any work product

3

of Merchant & Gould that is not in Echostar's possession. On October 7, 2005, Judge Folsom stayed his September 26, 2005 Order, as clarified by his October 6, 2005 Order, pending resolution by the Federal Circuit of Echostar's petition for a writ of mandamus.

Meanwhile, on July 7, 2005, Movants filed the instant motion in the United States District Court for the District of Colorado.[1] Movants sought a protective order and to quash three subpoenas that were served on Merchant & Gould, Lewis, and Wilson. Movants argued that the subpoenas: (1) sought only information that was privileged or protected by the work product doctrine, (2) sought information after the close of discovery, (3) did not allow a reasonable time to comply, (4) did not provide reasonable notice, and (5) were unduly duplicative.[2] Movants assert that no court has yet determined whether TiVo has made the showing required by Fed. R. Civ. P. 26(b)(3) of substantial need and undue hardship in order to discover fact work product, much less the extraordinary showing required to discover opinion work product.

At the time of Judge Folsom's October 6, 2005 Order of Clarification, Merchant & Gould was not a party in the lawsuit in the Eastern District of Texas and had not asserted work product protection on its own behalf. Subsequently, on or about October 25, 2005, Merchant & Gould filed a Motion to Intervene as a Matter of Right and a Petition for Writ of Mandamus in the United States Court of Appeals for the Federal Circuit. (*See* Miscellaneous Docket No. 803 (Exhibits A and B to doc. # 26); Exhibit B to TiVo's Reply (doc. # 25)). In its Motion and Petition, Merchant & Gould seeks to protect its work product in light of Judge Folsom's September 26, 2005 Order, as

4

clarified by his October 6, 2005 Order.  Merchant & Gould asks the Federal Circuit to issue a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its October 6, 2005 Order of Clarification to the extent that it compelled "production of notes, communications, or other documentation not conveyed to Echostar by Merchant & Gould."  (Miscellaneous Docket No. 803 (Exhibit B to doc. # 26) at p. 1).  *See, e.g., In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994) ("the work product privilege belongs to both the client and the attorney, either one of whom may assert it");  *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990) ("the work product privilege belongs to both attorney and client");  *In re Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981) ("the ability to protect work product normally extends to both clients and attorneys") (citation omitted);  *In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3d Cir. 1979) (work product protection may be claimed either by the client or the attorney).

II.     Analysis

The instant Motion for Protective Order and to Quash Subpoenas appears to be inextricably intertwined with the matters that are now pending before the Federal Circuit.  In both proceedings, Merchant & Gould asserts its independent right to protect its work product in light of Judge Folsom's September 26, 2005 Order, as clarified by his October 6, 2005 Order.  The litigation in the Eastern District of Texas has been pending longer and is farther advanced than the instant case.  Judge Folsom is familiar with the procedural history, the facts, and the legal issues implicated by the instant case.  The disposition of the Motion and Petition now pending before the Federal

Circuit may have a profound effect on the instant case and may make it unnecessary to dispose of the instant case as an independent matter.  It is possible that this court and the Federal Circuit could make inconsistent decisions should both courts proceed to rule on the matters currently pending before them.  The instant case may be mooted should the Federal Circuit rule in favor of Merchant & Gould on the pending Motion and Petition.   Should the Federal Circuit deny the pending Motion and/or Petition, Merchant & Gould will not have lost its ability to challenge the subpoenas.

The "doctrine of federal comity . . . requires the federal district courts to refrain from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions."  *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) (citations omitted).  *See also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) ("The federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs") (citations omitted).  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *West Gulf Maritime Ass'n*, 751 F.2d at 729 (citations omitted).  "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court."  *West Gulf Maritime Ass'n*, 751 F.2d at 729 (citations omitted).

The court acknowledges that Merchant & Gould may raise the work product

privilege on its own behalf.  Nevertheless, "[i]t has long been recognized that there is a power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *White v. Williams*, 179 F. Supp. 2d 405, 423 (D. N.J. 2002) (internal quotation marks and citations omitted).  The court thus defers action on the instant case pending resolution of the proceedings in the Federal Circuit.

Accordingly, IT IS ORDERED that:

1. The "Joint Motion for Protective Order and to Quash Subpoenas Served by TiVo Inc." filed by Echostar and Non-Parties Merchant & Gould, George C. Lewis, and Tadd F. Wilson (filed July 7, 2005) (doc. # 1) is DENIED WITHOUT PREJUDICE pending a ruling on the matters currently before the United States Court of Appeals for the Federal Circuit.

2. Pursuant to D.C. COLO. LCivR 72.1 B. 7., based on this Order, this civil action is closed.

Dated at Denver, Colorado, this 15th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

1.      Echostar and Merchant & Gould attorney Homer Knearl filed a nearly identical Joint Motion for a Protective Order and to Quash Subpoenas in the United States District Court for the Northern District of Georgia.

2.      TiVo no longer seeks to depose Lewis or Wilson (*See* TiVo's Response in Opposition (doc. # 23) at p. 9).  Movants have withdrawn all but their argument based on the work product doctrine.  (*See* Movants' Reply (doc. # 25) at p. 2).